IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YANAY ALVAREZ CABRERA, § <br> A# 240640159, § <br> Petitioner, § <br> § <br> v. § <br> § <br> UNITED STATES IMMIGRATION § <br> AND CUSTOMS ENFORCEMENT, § <br> Respondent. § | | No. 3:26-CV-319-D-BW <br><br><br> Referred to U.S. Magistrate Judge[1] |

## NOTICE OF DEFICIENCY AND ORDER

Before the Court is the Petition for Writ of Habeas Corpus (28 U.S.C. § 2241), filed and signed by Keyler B. Almanza Laurencio as "next friend" and on behalf of Petitioner Yanay Alvarez Cabrera, an immigration detainee. (Dkt. No. 3.)

When Almanza Laurencio filed this action, it appears that Alvarez Cabrera was in transit to a United States Immigration and Customs Enforcement ("ICE") detention center. (*See id.* at 2.) Available online records indicate that Alvarez Cabrera is currently in ICE custody at the Bluebonnet Detention Facility in Anson, Texas. *See* ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Feb. 11, 2026).

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. A petition for a writ of habeas corpus must "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts do not automatically grant "next friend" status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner, however. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

To represent a party as "next friend" in a habeas action, the purported next friend must: (1) give an adequate explanation why the real party in interest cannot pursue the action on her own behalf, such as inaccessibility, mental incompetence, or

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

other disability, and (2) establish that there is a true dedication to the best interest of the real party in interest, which may require a "significant relationship with the real party in interest." *Id.* at 163-64. The purported next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Id.* at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

Here, Almanza Laurencio is not licensed to practice law and lacks authority to file legal claims on behalf of a detainee. He has not demonstrated that Alvarez Cabrera is incapable of prosecuting this case on her own, and he makes no suggestion of inaccessibility, mental incompetence, or other disability; he also is not entitled to next-friend status by virtue of his relationship to Alvarez Cabrera as her boyfriend. *See, e.g.*, *United States v. Barrandey*, No. MO:11-CR-00048(2)-RAJ, 2015 WL 13387868, at *5 (W.D. Tex. May 6, 2015) (explaining that "[c]ourts in this circuit have uniformly denied next friend status to friends and family members of incarcerated persons whenever the prospective next friends have failed to produce evidence clearly demonstrating the prisoners' incompetence" and finding that "where, as here, a prospective next friend does not even allege that the prisoner in question is incompetent, the prospective next friend has clearly failed to meet his burden under *Whitmore*.") (citing authorities). Accordingly, Almanza Laurencio has not established the propriety of "next friend" status for purposes of § 2242, and he may not represent Alvarez Cabrera in this habeas action.

Alvarez Cabrera, however, has the right to pursue habeas relief through licensed counsel or on her own behalf by filing the appropriate form § 2241 petition under her own signature. **If Alvarez Cabrera wishes to pursue this habeas action, she must obtain licensed legal representation or complete, sign, and return the enclosed form for actions filed under 28 U.S.C. § 2241 within 30 days of the date of this order.**

If Alvarez Cabrera does not wish to pursue this habeas action, she may dismiss it by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a).

Alvarez Cabrera must immediately notify the Court of any change of address and its effective date by filing a notice entitled "Notice to the Court of Change of Address." The notice should contain *only* information about the change of address and effective date.

Failure to comply with this order may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

The Clerk of the Court is **DIRECTED** to update the docket in this case with Alvarez Cabrera's address at the Bluebonnet Detention Facility in Anson, Texas, and to send Alvarez Cabrera:

(1) a copy of this order, and

(2) a standard form for cases filed under 28 U.S.C. § 2241, with the case number and notation "Amended" included on the form.

The Clerk of the Court also is **DIRECTED** to send Almanza Laurencio a copy of this order and to remove him as a party in the case. Almanza Laurencio shall not receive any further notice of the proceedings here.

No process will issue except upon order of the Court.

**SO ORDERED** on February 11, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE