IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YANAY ALVAREZ CABRERA,<br> A# 240640159,<br> Petitioner,<br><br>v.<br><br>UNITED STATES IMMIGRATION<br>AND CUSTOMS ENFORCEMENT,<br> Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>No. 3:26-CV-319-D-BW<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS**

this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for

failure to prosecute or follow orders of the Court.

## I.  BACKGROUND

On February 6, 2026, the Court received a Petition for Writ of Habeas Corpus

(28 U.S.C. § 2241), filed and signed by Keyler B. Almanza Laurencio as "next

friend" and on behalf of Petitioner Yanay Alvarez Cabrera, an immigration

detainee.[2]  (*See* Dkt. No. 3.)  By Notice of Deficiency and Order dated February 11,

2026, the Court informed Almanza Laurencio and Alvarez Cabrera that Almanza

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for
full case management.

[2] At the time Almanza Laurencio filed this habeas action, he did not know where
Alvarez Cabrera was detained.  (*See* Dkt. No. 3 at 2.)  Available immigration detention
records show that she is detained at the Bluebonnet Detention Center in Anson, Texas.  *See*
ICE Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited
Mar. 30, 2026).

Laurencio, a non-lawyer, had not established the propriety of "next friend" status under 28 U.S.C. § 2242, and he therefore could not represent Alvarez Cabrera in this habeas action absent such a showing. (*See* Dkt. No. 4 at 1-2.) It further notified Alvarez Cabrera that she could pursue habeas relief through licensed counsel or on her own behalf by filing an appropriate form § 2241 petition under her own signature. (*See id.* at 2.)

The February 11 order directed Alvarez Cabrera to obtain licensed legal representation or complete and return the appropriate form § 2241 habeas petition under her own signature within 30 days if she wished to proceed with this habeas action. (*See id.*) With the order, the Court sent Alvarez Cabrera the appropriate form for filing a § 2241 habeas petition. (*See* Dkt. No. 4-1.) The order also directed Alvarez Cabrera to immediately notify the Court of any change of address and warned her that failure to comply could result in the dismissal of her case under Federal Rule of Civil Procedure 41(b). (*See* Dkt. No. 4 at 2.)

Over two weeks have passed since the Court's deadline expired, and Alvarez Cabrera still has not filed a § 2241 petition on the appropriate form under her own signature, and no licensed counsel has entered an appearance in this case. Alvarez Cabrera also has not taken any action manifesting an intent to proceed in this case.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*,

2

905 F.3d 835, 844 (5th Cir. 2018).  This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).  Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law."  *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Here, Alvarez Cabrera has failed to comply with the Court's February 11 order to obtain licensed legal representation or file a § 2241 habeas petition on the appropriate form under her own signature, despite a warning that failure to comply could result in the dismissal of her petition.  By not complying with the Court's February 11 order, Alvarez Cabrera prevents this action from proceeding and has failed to prosecute this lawsuit.  Accordingly, the Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b) for failure to prosecute or follow court orders.

## III.  RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute or follow orders of the Court.

**SO RECOMMENDED** on March 31, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4